# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA ELSA MUSER,<br><br>             Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. CV 17-05214-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 14, 2017, Sasha Elsa Muser ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on October 16, 2017. On March 8, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 47 year-old female who applied for Social Security Disability Insurance benefits on May 24, 2013, alleging disability beginning March 9, 2009.[1] (AR 17.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of March 9, 2009 through her date last insured of December 31, 2014. (AR 20.)

Plaintiff's claim was denied initially on September 25, 2013, and on reconsideration on January 30, 2014. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James Delphey on September 4, 2015, in Los Angeles, California.[2] (AR 17.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 17.) Vocational expert ("VE") Jeff Cochrum testified by telephone. (AR 17.)

Plaintiff appeared and testified at a supplemental hearing held on April 8, 2016, in Los Angeles, California.[3] (AR 17.) Claimant was again represented by counsel. (AR 17.) VE Ronald K. Hatakeyama also appeared and testified. (AR 17.)

The ALJ issued an unfavorable decision on May 6, 2016. (AR 17-28.) The Appeals Council denied review on June 19, 2017. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in rejecting Plaintiff's testimony regarding her subjective symptoms and physical limitations.

---

[1] The record discloses that Plaintiff filed a previous application for Social Security Insurance Disability benefits on May 20, 2011, alleging a disability onset date of March 5, 2009, which was denied initially on September 22, 2011, and on reconsideration on April 27, 2012. (AR 17.) Plaintiff did not appeal the prior adverse determination to a hearing before an ALJ. (AR 17.)

[2] At the close of the hearing, the ALJ held the record open for 14 days to allow Plaintiff to submit information regarding In-Home Support Services. (IHSS). (AR 17.)

[3] At the hearing new evidence was submitted. (AR 17.)

2. Whether the ALJ erred in rejecting the opinions of Plaintiff's treating sources regarding her physical limitations.

3. Whether the ALJ erred in finding that Plaintiff has the ability to perform her past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

4

demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of March 9, 2009 through her date last insured of December 31, 2014. (AR 20.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following medically determinable severe impairments: hypophosphatemic rickets, also known as x-linked hypophosphatemia ("XLH"); and bilateral femoral neck stress fractures, status-post open reduction and internal fixation ("ORIF"). (AR 20.)

At step three, the ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 20.)

The ALJ then found that through the date last insured Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR § 404.1567(a), with the following limitations:

> [Claimant] needed the use of a cane for any ambulation and to change position between standing and sitting once per hour for five or 10 minutes while remaining on task. She could never push and/or pull with the lower extremities. She could frequently reach in all directions, finger and feel. She could never climb ladders, ropes or scaffolds; or crawl. She could occasionally climb ramps and stairs with the use of a handrail, balance, stoop, kneel and crouch. She could never be exposed to unprotected heights, moving mechanical parts, or extreme cold or heat, and she could never walk on rough or uneven terrain. She could occasionally operate a motor vehicle and occasionally be exposed to humidity, wetness, dusts, odors, fumes, pulmonary irritants, and vibration.

(AR 21-25.) In determining the above RFC, the ALJ made an adverse credibility determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.)

At step four, the ALJ found that through the date last insured Plaintiff was able to perform her past relevant work as a legal secretary and medical office clerk. (AR 25-26.) The ALJ also found that through the date last insured, considering the Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Claimant could have performed such as the jobs of insurance clerk, receptionist, and appointment clerk. (AR 26-27.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act at any time from March 9, 2009, the alleged onset date, through December 31, 2014, the date last insured. (AR 27-28.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

### I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ improperly discounted the opinions of Plaintiff's treating sources regarding her physical limitations. The Court disagrees.

#### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2)

6

those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

After a fall in 2009, Plaintiff was diagnosed with hypophosphatemic rickets also known as x-linked hypophosphatemia ( "XLH"), a congenital genetic condition affecting the bones, particularly the hips. (AR 21, 22.) She underwent bilateral hip open reduction and internal fixation surgery ("ORIF"). (AR 22.) She claims she is unable to work because of constant pain and discomfort from her XLH and repaired hip fractures. (AR 21.) She claims she can stand and walk only 5 minutes before sitting down and needs a cane to walk. (AR 21.)

The ALJ, however, determined that Plaintiff could perform a reduced range of sedentary work. (AR 21.) The record indicates Plaintiff responded well to the 2009 hip surgery, reporting resolved symptoms soon after. (AR 22.) Radiographs in August 2009 demonstrated near complete healing on the left side and interval healing on the right. (AR 22.) By March 2010, her orthopedic surgeon found her hips were doing well. (AR 22.) She was given exercises to do. (AR 22.)

Claimant's symptoms have remained stable, and she has received only routine care and chiropractic adjustments. (AR 22.) In November 2011 she injured her foot on a trip to Mexico, but on physical examination had flexion and extension of lower extremities despite pain. (AR 22.) She subsequently complained of hip pain, but X-rays showed no evidence of fracture. (AR 22.) Findings at consultative examinations indicated no significant deterioration in her condition. (AR 22.) In November 2014, her physician recommended diet, exercise, and medication. (AR 24.) She admitted that her joint pain was controlled with medication and that she had a "very active life." (AR 23, 486.) The ALJ found no evidence of recent imaging of the Claimant's bones and systems, significant episodes of exacerbations of symptoms, or enhanced or more intensive recent medical treatment that would indicate a substantial deterioration in Claimant's condition since the April 27, 2012 adverse determination of her prior concurrent claim and her December 31, 2014 date last insured. (AR 23-24.)

In determining that Plaintiff could perform a reduced range of sedentary work, the ALJ gave "great weight" to the November 3, 2015 opinion of the consulting orthopedist Dr. Richard Pollis. (AR 24, 55, 564.) Plaintiff presented in no acute distress, but reported hip and low back

pain and that she can stand or walk no more than 10 minutes at a time and must change position after sitting one hour. (AR 551, 552.) Nonetheless, Dr. Pollis found that Plaintiff could lift and carry 10 pounds occasionally, stand and walk two hours in an 8 hour workday with use of a cane, and sit 6 hours in an 8 hour workday. (AR 555.) She has no manipulative, visual, communicative, or environmental limitations. (AR 555.) The ALJ added a sit/stand option once per hour for five minutes. (AR 24.)

The ALJ also gave substantial weight to the consulting internist, Dr. Sohail Afra who assessed a light work RFC. (AR 24, 446-451.) Dr. Afra found Plaintiff was able to walk without her cane but with a mildly antalgic gait. (AR 450.) Dr. Afra opined Plaintiff could carry 20 pounds occasionally and walk or stand 4 hours in an 8 hour workday, and could benefit from use of a cane. (AR 451.) Dr. Afra found Plaintiff can sit 6 hours in an 8 hour workday, and has no restrictions on use of the hands for fine and gross manipulative movements. (AR 451.) The ALJ also gave substantial weight to the State agency physician reviewer who assessed a light work RFC. (AR 24, 143-145.)

Plaintiff contends that the ALJ erred in discounting the opinion of her treating physician, Dr. Gerald Michaelson. In a December 2013 Physical Residual Functional Capacity Questionnaire, Dr. Michaelson opined Plaintiff was limited to lifting and carrying 10 pounds occasionally, standing and walking less than 2 hours in an eight hour workday and sitting less than 6 hours in a workday, and would be absent from work every day. (AR 24, 514.) The ALJ discounted Dr. Michaelson's opinion, particularly in regard to missing work every day, because the medical evidence, including the doctor's own treating notes, does not fully support the limitations he assessed. (AR 24.) An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1995 & n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Here, Dr. Michaelson's progress note, dated December 9, 2013, contains Plaintiff's statement that she leads a "very active life." (AR 23, 486.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

The ALJ specifically found that Dr. Michaelson's opinion that Claimant cannot even do sedentary work is contradicted by his office's advice that the Claimant walk, exercise, and be physically active. (AR 24, 524, 533.) In November 2014, Dr. Michaelson noted that Claimant remained functional on her medication and was trying to maintain her activity level and exercise. (AR 24, 537.) She had "discomfort with simple walking," which hardly bespeaks total disability, and Dr. Michaelson gave these instructions: "You are doing well, continue your current diet, exercise and medication program." (AR 24, 538.) The ALJ also noted that Dr. Michaelson's opinion was contradicted by the medical evidence, which would include the objective medical evidence and the contradictory opinions of other physicians such as Dr. Pollis. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001): Batson, 359 F.3d at 1195. The ALJ gave specific legitimate reasons supported by substantial evidence for discounting the opinion of Dr. Michaelson.

      The ALJ also gave little weight to a March 2016 letter from Dr. Frederick Singer who stated "[i]t was extremely unlikely that this unfortunate woman could have a desk job." (AR 25, 565.) The ALJ rejected Dr. Singer's opinion because it was based on a single office visit well after the December 31, 2014 date last insured. (AR 25.) The ALJ also found Dr. Singer's opinion "conclusory and speculative, uncritically accepting of the claimant's subjective reports and fails to assess the claimant's functional level objectively and with detailed examination findings, such as those made by the consultative orthopedist." (AR 25.) An ALJ may reject treating physician opinions that are "conclusory, brief and unsupported by the record as a whole . . . or by objective medical findings." Batson, 359 F.3d at 1195. Also, the ALJ discounted Plaintiff's subjective symptoms, as discussed below. A treating physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1149. The ALJ gave specific, legitimate reasons based on substantial evidence for discounting Dr. Singer's opinion.

      The ALJ gave little weight to the opinion of Claimant's chiropractor, Dr. Susan Benedict. (AR 25.) She opined Plaintiff could not lift any weight at all, could stand and walk only 5

minutes in an 8 hour workday, and could sit only 30 minutes in a workday. (AR 25, 489-492.) The ALJ found Dr. Benedict's assessment extreme on its face and inconsistent with other medical evidence, other medical opinions, and Claimant's admitted activities. (AR 25.) Dr. Benedict is not an acceptable medical source but an "other source" under § 404.1513(d). An ALJ may discount the opinions of other sources for germane reasons. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Inconsistency with the medical evidence is a germane reason for discounting such testimony. Bayliss, 427 F.3d at 1218.

Plaintiff challenges the ALJ's treatment of the medical evidence, but it is the responsibility of the ALJ to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted the opinions of Dr. Michaelson, Dr. Singer, and Dr. Benedict for specific, legitimate reasons supported by substantial evidence. The ALJ properly considered the medical evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends that the ALJ improperly discounted her subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the

court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Bernhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.

**B. Analysis**

In determining Plaintiff's RFC the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause Plaintiff's alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence in the record. (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the medical evidence. (AR 21, 25.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the medical evidence as discussed above supports the ALJ's RFC for a restricted range of sedentary work. Dr. Pollis, Dr. Afra, and the State agency physician reviewer all assessed RFCs that establish that Plaintiff is capable of at least sedentary work.

Second, the ALJ found that Plaintiff has received only routine, conservative care. (AR 22.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. As already noted, Plaintiff's symptoms appeared stable following her 2009 hip surgery (AR 22), with conservative treatment for her joint pain consisting of diet, exercise, and medication. (AR 24.) Plaintiff admitted her joint pain was controlled with prescribed medication. (AR 23.) She claims her medication causes lethargy (AR 22), but her physician

Dr. Michaelson indicated she was functional on her medication. (AR 24, 537.) Impairments and limitations that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Also, there was no evidence of enhanced or more intensive medical treatment that would tend to show a deterioration in her condition through the date last insured of December 31, 2014. (AR 22-23.) Progress notes indicated no changes in her treatment plan. (AR 23.)

Third, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ found that Plaintiff could independently walk to her car, drive, and perform her activities of daily living with a cane to assist in ambulation. (AR 20.) She can drive her car up to an hour at a time. (AR 23.) She attempted to launch her own at-home internet logo business in 2014. (AR 23.) She took a trip to Mexico in 2011 (AR 22) and traveled to New Orleans to attend and participate in her sister's wedding. (AR 25.) Plaintiff stated in an Exertion Questionnaire that she spent most of the day reclining or lying down, but she reported to her doctor in 2013 that she had a "very active life." (AR 23, 266, 486, 487.) An ALJ may consider inconsistencies between a claimant's statements and other statements and conduct in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. Plaintiff contends that her daily activities do not prove she can work, but they do suggest that Claimant has greater functional abilities than she alleges. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff challenges the ALJ's credibility finding, but again it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

## III. THE ALJ'S PAST RELEVANT WORK DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ determined, based on the vocational expert's testimony, that Plaintiff could perform her past relevant work as a legal secretary or medical office clerk. (AR 25-27.) Plaintiff contends that the ALJ's hypothetical question to the vocational expert did not reflect all of Plaintiff's physical limitations because it did not properly credit the medical opinions in the record or Plaintiff's testimony. Plaintiff is rearguing the issues discussed above. The ALJ properly included in his hypothetical to the VE and in Plaintiff's RFC all limitations supported by the record and contained in the RFC and was not required to include limitations properly rejected. Batson, 359 F.3d at 1197; Bayliss, 427 F.3d at 1217.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 31, 2018

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE